CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED
7/9/2025
LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| AUBREY J. HIGHTOWER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:24-cv-00047 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES POSTAL SERVICE, | ) | By:   Hon. Thomas T. Cullen |
| | ) |         United States District Judge |
| Defendant. | ) | |

This matter comes before the court on the Defendant United States Postal Service's ("USPS") Motion to Dismiss (ECF No. 8) Plaintiff Aubrey Hightower's ("Hightower") petition for review and complaint alleging discrimination based on veteran status, disability, and retaliation for engaging in protected whistleblower activity. For the reasons explained below, the court finds that Hightower's petition for review is untimely and will grant USPS's motion.

### I.   BACKGROUND & PROCEDURAL HISTORY

Prior to 2016, Hightower worked for USPS at the Post Office in Danville, Virginia as a sales, service, and distribution associate. (*See* Mem. Supp. Mot. to Dismiss at 1–2 [ECF No. 9].) While he was employed there, an Office of Inspector General investigation determined that between May and November 2015, Hightower embezzled money from USPS 34 times by failing to report or under-reporting sales and converting the cash for his personal use. (*Id.*) On September 29, 2016, Hightower was arrested and charged with embezzlement. (*Id.* at 2; ECF No. 1-2 at 39.) Hightower was later found guilty of misdemeanor embezzlement under Virginia Code § 18.2-111 after a trial in state court on March 6, 2017. (*See* ECF No. 1-3 at 41;

Danville Circuit Court Case No. CR16000802.) Based on this conduct, the USPS removed Hightower from his employment, effective November 18, 2016.

On December 27, 2016, Hightower filed an Equal Employment Opportunity ("EEO") complaint, alleging that USPS discriminated against him because of his disability and veteran status and retaliated against him for engaging in protected activity. On June 16, 2017, the USPS issued a final agency decision denying Hightower's complaint. Hightower appealed that final decision to the Merit Systems Protection Board ("MSPB") on July 22, 2017. (*See* ECF No. 1-3 at 51.) After a hearing held on March 29 and May 24, 2018, an administrative law judge issued an initial decision affirming USPS's removal action and denying Hightower's discrimination and retaliation claims. (*See* ECF No. 1-4 at 28.) On August 7, 2018, Hightower filed a timely appeal of the initial decision with the MSPB.

On March 7, 2024, the MSPB issued a final order on its decision. (*See* ECF No. 1-4 at 37.) In that order, the MSPB denied Hightower's petition for review and affirmed the initial decision. (*See id.* at 38.) The order also included explicit direction that if Hightower sought review of an action that "was based, in whole or in part, on unlawful discrimination," he may obtain judicial review by filing a civil action "with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days**" after receipt of the MSPB's final decision. (ECF No. 1-4 at 42 (emphasis in original).) On May 30, 2024, Hightower filed a notice of appeal with the U.S. Court of Appeals for the Federal Circuit. Upon review of his notice of appeal, the Federal Circuit transferred Hightower's appeal to the Western District of Virginia, stating that it lacked jurisdiction over his appeal under 5 U.S.C. § 7703(b)(2) because of his allegations of discrimination. (*See* ECF No. 1-1 at 2.)

On November 11, 2024, the case was transferred to this court to conduct further proceedings. On May 12, 2025, USPS filed a motion to dismiss Hightower's complaint and petition for review based on untimeliness or, in the alternative, failure to state a claim under Rule 12(b)(6). Hightower filed a response, and each party filed a reply, making the motion ripe for decision.

## II.   STANDARD OF REVIEW

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "naked assertion[s] devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557). Though a *pro se* complaint must be construed liberally, the "requirement of liberal construction does not mean . . . that the court should ignore a clear failure to plead facts that set forth a cognizable claim." *Walton v. WVRJ Managerial Admin. Staff*, No. 7:23-cv-00436, 2024 WL 3988927, at *3 (W.D. Va. Aug. 29, 2024) (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

### III. ANALYSIS

Because USPS has raised an objection based on timeliness, the court must first address whether Hightower filed his petition out of time and whether dismissal is therefore warranted. *See Hamer v. Neighborhood Servs. of Chicago*, 583 U.S. 17, 20 (2017) ("If properly invoked, mandatory claim-processing rules must be enforced, but they may be waived or forfeited."); *see also Lee v. Dep't of the Army*, No. 24-10703, 2024 WL 4866865, at *1 (11th Cir. Nov. 22, 2024) ("Although § 7703(b)(1)'s 60-day deadline is not jurisdictional, we must nevertheless enforce it because the Army raised the timeliness of the petition in its jurisdictional brief."). When conducting that inquiry, the court must determine whether the petition is timely and, if it is not, whether it is subject to equitable tolling.

As outlined in the MSPB's final decision, a federal employee can generally appeal a final decision to the U.S. Court of Appeals for the Federal Circuit within 60 days of the decision. *See* 5 U.S.C. § 7703(b)(1)(A). But in cases involving claims of unlawful discrimination (so-called "mixed cases"), an employee must file a petition for review in the appropriate district court within **30** days of receiving notice of the action. *See* 5 U.S.C. § 7703(b)(2); *Perry v. Merit Sys. Protection Bd.*, 582 U.S. 420, 437 (2017). The deadline for filing an appeal under § 7703(b) is non-jurisdictional and can be subject to equitable tolling doctrines. *See Harrow v. Dep't of Def.*, 601 U.S. 480, 489–90 (2024) (holding that § 7703(b)(1)'s deadline is non-jurisdictional); *Jordan v. Dep't of the Army*, No. 1:19-cv-349, 2019 WL 5566523, at *7 (E.D. Va. Oct. 28, 2019) (concluding that § 7703(b)(2) is non-jurisdictional); *see also Oja v. Dep't of the Army*, 405 F.3d 1349, 1361 (Fed. Cir. 2005) (assuming without deciding that § 7703(b)(2) is subject to equitable tolling). In this case, Hightower's complaint contains allegations of unlawful discrimination,

including "disparate treatment . . . because of [his] veteran status" and "disability discrimination." (ECF No. 1 at 2.) As a result, the timeliness of his appeal is governed by § 7703(b)(2). Under that provision, Hightower had 30 days from the date he received the final decision to file a petition for review in this court; so the court must first determine whether he has met that deadline.

As an initial matter, Hightower erroneously filed his petition for review on May 30, 2024, in the Federal Circuit, not the district court. That error, however, was not fatal. As the Federal Circuit noted in its order, because Hightower's complaint "continues to pursue his allegations that his removal was the result of covered discrimination," jurisdiction properly lies in this court and not the Federal Circuit. (ECF No. 1-1 at 2.) The Federal Circuit found the interest of justice warranted transfer of the case to this court to address the claims and attendant issues in the proper manner. Accordingly, this court will address Hightower's appeal as if it was filed in this court on May 30, 2024—the date on which he filed his appeal in the Federal Circuit. *See* 28 U.S.C. § 1631.

Although filing in the wrong court can be rectified, filing at the wrong time cannot. Because his complaint is based—at least in part—on "unlawful discrimination," Hightower must have filed his petition within 30 days of receiving notice of the MSPB's final order and decision. *See* 5 U.S.C. § 7703(b)(2). The MSPB issued its final decision on March 7, 2024. But the record does not contain any explicit evidence as to when Hightower received notice of that decision. When the exact receipt date is unknown, courts typically apply a three-day presumption of receipt. *See* Fed. R. Civ. P. 6(d) ("When a party must act within a specified time after being served . . . 3 days are added . . ."); *Asbury v. City of Roanoke*, 599 F. Supp. 2d

712, 718–19 (W.D. Va. 2009) (applying three-day presumption under FRCP 6(d) to suit filed after receipt of EEOC notice).[1] Therefore, Hightower is presumed to have received the MSPB's final decision on March 11, making the deadline to file his petition for review in this court April 10, 2024.[2] Hightower filed his appeal on May 30, 2024, well past the April 10 deadline.[3]

The inquiry is not complete, however, because the court must also consider whether any principles of equitable tolling may apply to excuse Hightower's untimeliness. Equitable tolling "effectively extends an otherwise discrete limitations period set by Congress" when "a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Lonzano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). It is "a discretionary doctrine that turns on the facts and circumstances of a particular case." *Harris v. Hutchinson*, 209 F.3d 325, 220 (4th Cir. 2000) (internal quotation omitted). In the Fourth Circuit, it is considered an "extraordinary remedy . . . [and] litigants face a considerable burden to demonstrate that it applies." *CVLR Performance Horses, Inc. v. Wynne*, 792 F.3d 469, 476 (4th Cir. 2015). Such a remedy is reserved for "instances where—due to circumstances external to

---

[1] The court notes that, although USPS's motion and many cases refer to the three-day presumption under Federal Rule of Civil Procedure 6(e), as of 2007 that rule was amended and reformatted as Rule 6(d). *See* James J. Duane, *The Federal Rule of Civil Procedure that Was Changed by Accident: A Lesson in the Perils of Stylistic Revision*, 62 S. C. L. REV. 41, 51 (2010); *Asbury*, 599 F. Supp. 2d at 718 ("Federal Rule of Civil Procedure 6(e), now 6(d) . . . .").

[2] This deadline and timeline of receipt also appears to be corroborated by the circumstances of Hightower's request for an extension. Hightower requested a "60-day extension from April 11, 2024 to July 11, 2024," which the Federal Circuit received on April 10. (ECF No. 15 at 4.) That request suggests that Hightower knew that, as of April 11, his appeal would be out of time—hence his request for an extension starting on that date.

[3] Even if the more lenient 60-day deadline under § 7703(b)(1) applied to Hightower's case, the conclusion would be the same because the filing date of the petition, May 30, is 84 days past when the MSPB issued its final decision.

the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330; *see also Jordan*, 2019 WL 5566523, at *7 ("[T]he 30-day time limit imposed by § 7703(b)(2) must not be taken lightly, and failure to meet the deadline will necessitate dismissal under most circumstances." (cleaned up)).[4]

In his response to the motion, Hightower asserts that he "timely appeals after requesting an extension with the U.S. Appeal [*sic*] for the Federal Circuit and a certificate of service was served on the agency." (Pl.'s Resp. at 1 [ECF No. 12].)  In that response and in his surreply, Hightower provided a copy of the purported extension request he sent to the Federal Circuit, which stated that he needed an extension "to retrieve the transcript from the above reference trial" and because he "need[ed] more time." (*Id.* at 6; Pl.'s Surreply at 4 [ECF No. 15].)[5] Given his *pro se* status, the court incorporates those reasons into Hightower's response and construes them as his argument regarding the bases for potential equitable tolling. Even so, neither of the reasons is sufficient grounds to equitably toll the deadline.

First, simply "need[ing] more time" is certainly not an "extraordinary circumstance," and is a circumstance in which many litigants and lawyers find themselves. Second, to the

---

[4] While there are no specific set of circumstances that mandate equitable tolling, circumstances where it might be justified may include: "(1) where the plaintiff has received inadequate notice; (2) where a motion for appointment of counsel is pending . . . ; or (3) where the court has led the plaintiff to believe that [he] had done everything required of [him]." *Asbury*, 599 F. Supp. 2d at 719.

[5] USPS correctly observes that Hightower's attached "Request for Extension" letter does not appear to have been filed on the Federal Circuit docket, nor is there any order granting the extension. (Def.'s Reply at 1 [ECF No. 14]; *see generally* Fed. Cir. Dkt. Case No. 24-1895.) In his surreply, Hightower submitted a letter sent by the Deputy Clerk of the Federal Circuit to the MSPB acknowledging receipt of his extension request and forwarding it to the MSPB. Accordingly, while the court believes Hightower attempted to request an extension, because he likely did so without following the proper procedure and without any current case to relate to, that request was never officially filed or considered by the Federal Circuit.

extent Hightower's request was based on needing more time to obtain a trial transcript, that is also insufficient. Based on Hightower's filing in the Federal Circuit (which included a transcript), the court assumes the "reference trial" refers to the MSPB administrative proceeding held on May 24, 2018. (*See* ECF No. 1-2 at 19.) But that proceeding is over seven years old, and Hightower presents no argument as to what, if anything, prevented him from obtaining that transcript in a timely fashion, let alone its usefulness or necessity in filing his appeal. Absent that explanation, Hightower presents no other facts that would demonstrate an "extraordinary circumstance" out of his control to justify an exceptional remedy. Moreover, given his request for an extension, Hightower clearly knew about the deadline and yet still decided to file an appeal almost 60 days later without a sufficient excuse. Accordingly, Hightower "has not alleged facts that meet the high burden to warrant equitable tolling of the time limit imposed by § 77039(b)(2)." *Jordan*, 2019 WL 5566523, at *8. Therefore, the court finds that his petition for review is untimely.

## IV. CONCLUSION

For the foregoing reasons, USPS's Motion to Dismiss (ECF No. 8) will be granted and Hightower's complaint and petition for review will be dismissed with prejudice.[6]

---

[6] *See Morton v. Dejoy*, No. 3:23CV618, 2024 WL 4045451, at *11 n.16 (E.D. Va. Sept. 4, 2024) ("Where the fact that the statute of limitations on a claim has run is apparent on the face of the complaint, as here, and equitable tolling is demonstrably unavailable, amendment is futile.")

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 9th day of July, 2025.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE
